UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

COFANE ASSOCIATES, LLC,

                      Plaintiff,                    **REPORT & RECCOMMENDATION**

     v.                                 21-cv-7162 (JS) (ST)

LONG ISLAND CITY DEVELOPERS GROUP,
LLC, and JOSEPH TORRES

                      Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

## INTRODUCTION

Plaintiff, Cofane Associates, LLC ("creditor"), filed this action on February 9, 2021 against Long Island City Developer Group, LLC ("debtor"), and Joseph Torres ("guarantor"), in State Court alleging Defendants owed it $5,744,154.44 plus interest after LICDG allegedly defaulted on a mortgage note. Plaintiff sued LICDG as the debtor and Torres as the guarantor to LICDG's agreement. Defendant LICDG filed for bankruptcy while this case was pending in State Court and Defendant Torres subsequently, on December 29, 2021, removed the action to Federal Court. Plaintiff now argues that remand is proper as this removal was untimely and, even if it was not untimely, that this Court's abstention is either required or proper. For the reasons contained herein, I recommend Plaintiff's motion to remand be GRANTED as to its claim against Torres, and that that claim be severed and remanded to State Court.

## BACKGROUND

The following facts are agreed upon by the parties.

Plaintiff filed this action in New York State Supreme Court in Nassau County as a motion for summary judgment in lieu of complaint against the Defendants on February 9, 2021. Pl. Br., 1, ECF No. 4-5; Torres Dec. ¶ 3, ECF No. 8-7.  In the action, Plaintiff alleged it had issued a mortgage to LICDG in connection with its purchase of the premises at 38-20 32nd Street in Long Island City, guaranteed by Torres, which LICDG had defaulted on. Cofane Aff. ¶¶ 6-17, ECF No. 1-2.  Plaintiff alleged that the default had entitled it under its contract to declare the entire indebtedness under the Note immediately due and alleged that Torres, as the guarantor on the agreement, was personally obligated for the indebtedness. *Id.* at ¶¶ 18-22.

On May 11, 2021, while the action was pending in State Court, LICDG notified the parties it had filed a voluntary petition for bankruptcy to the U.S. Bankruptcy Court for the Eastern District of New York. Pl. Br., 2; Torres Dec. ¶ 5.  The filing automatically stayed the action "against the debtor and the debtor's property." *See* Pl. Br., 2; Torres Dec. ¶ 5; 11 U.S.C. §362; Bankr. Not., ECF No. 1-4.

On May 14, 2021, Plaintiff requested leave of the State Court to file a motion to sever the action against LICDG, so it could proceed against Torres despite the stay entered on its claim against LICDG. Pl. Br., 2.  On December 1, 2021, the State Court notified the parties that Plaintiff was granted permission to file the motion. Torres Dec. ¶ 6.  On December 6, 2021 Plaintiff filed its motion to sever. Pl. Br., 2.  However, instead of responding to the motion to sever, Defendant Torres removed the entire action on December 9, 2021 to this Court, claiming authority under 28 U.S.C. §1452, 28 U.S.C. §157(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure. Torres Dec. ¶ 7.

Subsequently, Plaintiff filed this motion to remand back to State Court on January 28, 2022.  It argues the removal of this action was untimely, that even if it was not untimely

2

mandatory abstention is required, and that regardless permissive abstention is warranted. Defendant meanwhile argues removal was timely and that no abstention by this Court is required or warranted. Instead it argues this Court is the appropriate venue for this action.

The Hon. Joanna Seybert referred Plaintiff's motion to remand to me for a Report and Recommendation.

## LEGAL STANDARD

"When challenged, the party seeking removal bears the burden of establishing federal jurisdiction." *Marlin Bus. Bank v. Halland Cos., LLC,* 18 F. Supp 3d 239, 240 (E.D.N.Y. 2014). "On a motion for remand, the Court 'must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff.'" *Id.* (quoting *In re NASDAQ Mkt. Makers Antitrust Litig.,* 929 F. Supp 174, 178 (S.D.N.Y. 1996)). "Out of respect for the limited jurisdiction of the federal courts and the rights of states, [the Court] must resolve any doubts against removability." *California v. Atl. Richfield Co.,* 488 F.3d 112, 124 (2d Cir. 2007).

## DISCUSSION

### I.    The Removal Was Timely

Defendant Torres removed this action under 28 U.S.C. §1452, 28 U.S.C. §157(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure. 28 U.S.C. §1452 provides for removal by "a party" for cases arising under or in Title 11 or for cases related to Title 11, over which federal district courts have original though not exclusive jurisdiction. *See also* 28 U.S.C. §1334. An action is related to Title 11 where it might have a conceivable effect on a bankruptcy estate or has any significant connection with the bankrupt estate. *Int'l Tobacco Partners, Ltd. v. Ohio,* 462 B.R. 378, fn. 16 (Bankr. E.D.N.Y. 2011). Here, one of the parties to the action is actively in Chapter 11 bankruptcy proceedings and it is alleged the other party is subject to a Guaranty

3

Agreement which provides it is responsible for debts owed to the Plaintiff as a result of any default in the Mortgage Agreement which the bankrupt party's estate does not pay. *See* Cofane Aff., Exh. B.; *see also* Pl. Repl. Br., 6, fn. 2.  Thus, this case is at minimum related to Title 11, and 28 U.S.C. §1452 applies.

Bankruptcy Rule 9027 provides for the timing of a removal of a case under 28 U.S.C. §1452: "If [a] claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." Fed. R. Bankr. Pr. 9027(a)(2).

This case was pending when LICDG filed its bankruptcy petition.  Thus, 9027(a)(2) applies to removal of this action.  And, while Torres, who did not file for bankruptcy, is the party who moved for removal, in a case related to a Title 11 case that LICDG's, 28 U.S.C. §1452 provides for removal by "a party," not just the bankrupt party.

Plaintiff argues, however, that Torres' removal is not timely under Rule 9027.  It argues that as this is a voluntary bankruptcy petition, the filing of the petition constitutes the order for relief under Rule 9027.  Therefore under Rule 9027(a)(2)(A), Plaintiff's argument goes, Torres' notice of removal would have had to have been filed within 90 days of May 11, 2021 (August 9, 2021) for it to be timely.  It was not filed until December 9, 2021.  Therefore, Plaintiff argues, the removal is untimely under Rule 9027, and it is also untimely under the general removal statute. *See* 28 U.S.C. §1446(b).

However, Plaintiff ignores that Rule 9027 provides for removal under the "*longest of*" the timeframes listed therein. And subpart B of the Rule provides for removal to be filed within "30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under Bankruptcy Code § 362." It is this portion of the rule which Torres hangs his hat on. He argues, "[B]ecause the Removed Action has been automatically stayed, as to LICDG under Section 362(a) of Title 11 of the United States Code…there is no time limit for the removal…" Def. Br., 3.

The action against LICDG was stayed under 11 U.S.C. § 362. Under that statute a voluntary Chapter 11 petition, such as was filed here, stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362; 11 U.S.C. §301. A §362 stay occurred in this action, thus the timeframe allowed for removal by "a party" in subpart B of Rule 9027 would apply provided it was longer than that contained in subpart A.

However, in this case, the stay under Bankruptcy Code § 362 remains in effect and has not been terminated. Subpart B of Rule 9027 provides for removal to be filed within "30 days after entry of an order terminating a stay…" Therefore, the question becomes whether removal is allowed while such a stay remains pending.

Bankruptcy courts in this Circuit have found that it does. As the Southern District Bankruptcy Court held in *In re Daniele Laundries, Inc.,* "…[It] is evident that no order has yet been entered terminating the automatic stay…Therefore, the debtor's trustee in bankruptcy is not barred from seeking removal because clause (B) [of Rule 9027(a)(2)], which in this case provides the longest removal period of the three alternatives, permits the removal of pending litigation as long as the applicable stay is still in effect." 34 B.R. 931 (Bankr. S.D.N.Y. 1983).

The advisory committee notes to Rule 9027 are in accordance: "As long as the stay remains in effect there is no reason to impose a time limit for removal to the bankruptcy court…Parties to stayed litigation will not be required to act immediately on commencement of a case under the Code to protect their right to remove." Fed. R. Bankr. Pr. 9027, advisory committee's note (1983).

As the longest time period to remove then would have extended under Subpart B of the rule to December 9, 2021 when Torres filed for removal, the removal is timely under the Bankruptcy rules.

## II.    Mandatory Abstention is Required, and The Case Should Be Remanded to State Court

However, even though the removal was timely, abstention is mandated in the action against Torres.

Under 28 U.S.C. § 1334(c)(2) abstention by the District Court is mandated in cases such as this where six elements are met: "(1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is related to but not arising in a bankruptcy case or arising under the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; (6) that action can be timely adjudicated in state court." *Osuji v. New Century Mortg. Corp.,* 564 B.R. 180, 187 (Bankr. E.D.N.Y. 2017) (citing *N.Y. City Emples. Ret. Sys. v. Ebbers,* 293 B.R. 308, 331 (Bankr. S.D.N.Y. 2003)).  Plaintiff claims all elements are satisfied and, thus, the federal court must abstain and the case should be transferred back to State Court. Pl. Br., 4-6.  Defendant Torres admits that all but elements (3) and (6) are established here. Def. Br., 4-9.  He argues that this action is not a "related to" proceeding and is instead a "core proceeding" and that this action cannot be timely adjudicated in state court due to a backlog there caused by the COVID-19 pandemic. *Id.*

a.        **The Action Against Torres is a "Related To" Proceeding**

An element required for mandatory abstention is that "the action" is related to but not arising in or under the Bankruptcy Code.  "Bankruptcy cases and civil proceedings arising in or under Title 11 are core proceedings, while civil proceedings related to cases under Title 11 are denominated non-core." *Harlem Multifamily LLC v. Eight-115 Assocs., LLC,* 626 B.R. 383 (Bankr. S.D.N.Y. 2021).  This distinction derives from the Supreme Court plurality's holding in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.* that "the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state created private rights, such as the right to recover contract damages." 458 U.S. 50, 71 (1982).  "Where a matter constitutes a core proceeding, the mandatory abstention provisions of Section 1334(c)(2) are inapplicable." *Luan Inv. S.E. v. Franklin 145 Corp.,* 304 F.3d 223, 232 (2d Cir. 2002).  Thus, if Cofane's claim against Torres is "core" to LICDG's Title 11 proceeding mandatory abstention cannot apply, but if Cofane's claim against Torres is "non-core" and is merely "related to" LICDG's Title 11 proceeding, this element of mandatory abstention is met.

Claims are "core" where they "rest on provisions of the Bankruptcy Code or require construction of the Bankruptcy Code for their determination." *Ames Dep't Stores, Inc. v. Lumbermens Mut. Cas. Co.,* 542 B.R. 121, 135 (Bankr. S.D.N.Y. 2015).  Conversely a claim is non-core and only relates to a case under Title 11 where it "does not depend on bankruptcy laws for its existence and…could proceed in a court that lacks federal bankruptcy jurisdiction." *Dewitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.,* 464 B.R. 587, 591 (S.D.N.Y. 2012).

Plaintiff argues its action against Torres is separate and distinct from its action against LICDG. Pl. Repl. Br., 7, ECF No. 10.  It argues that its action against Torres relates only to his

7

contractual liabilities in his role as guarantor and, thus, is related to LCDG's bankruptcy

proceeding in that he must cover what the estate does not but does arise under or arise in a Title

11 case. Pl. Br., 5.  It cites authority for that proposition. *See U.S. Bank N.A. v. Perlmutter,* 470

B.R. 659, 673 (Bankr. E.D.N.Y. 2012) ("While a bankruptcy case may result in the discharge of

the debtor's obligations or impair the claim of a creditor, a non-debtor guarantor's liability is not

modified by the bankruptcy process, and the creditor retains its rights against the non-debtor

guarantor outside of the bankruptcy case."); *Credit Suisse First Boston Mrtg. Capital v. Cohn,*

No. 03-CV-6146, 2004 U.S. Dist. LEXIS 16577, 2004 WL 1871525, *24 (S.D.N.Y. 2004) (the

"discharge of liability pursuant to bankruptcy laws generally does not affect a guarantor's

liability and leaves a creditor free to pursue collection from a guarantor.").

Defendant Torres meanwhile argues that this action is "core" to LICDG's bankruptcy

action.  He argues, "The Removed Action and the matters raised therein, including fixing the

amount of the largest claim asserted against LICDG in its Chapter 11 case, are inextricably

intertwined and are core matters…" Def. Br., 6.  It seems Torres' argument, then, is that

Cofane's claim against LICDG is core and, therefore, Cofane's claim against him should not be

remanded because it is intertwined with LICDG's.

First, it is important to note for this analysis that, while LICDG's bankruptcy stayed

Cofane's action against LICDG, it did not do so for LICDG's claim against Torres.  11 U.S.C. §

362 only automatically stays "any act to collect, assess, or recover a claim against *the debtor* that

arose before the commencement of the case under this title" (emphasis added).  Indeed, the

Second Circuit has held, "[A] suit against a codefendant is not automatically stayed by the

debtor's bankruptcy filings." *Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2d Cir. 2003)

(quoting Collier on Bankruptcy §362.03[3][d] (15th ed. 2002)).  "The automatic stay can apply

to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd.,* 321 F.3d at 287.  This is because a "bankruptcy proceeding is meant to protect the debtor, not third-party guarantors." *Schumacher v. White,* 429 B.R. 400, 409 (E.D.N.Y. 2010).

Here, the determination of whether Torres is responsible under the Guaranty Agreement for a debt owed to Cofane will have no impact on LICDG's estate.  Instead Torres appears to be arguing that the determination of whether and how much LICDG owes to Cofane may affect the remainder *he* must pay to Cofane to cover LICDG's default.  Thus, the stay in Cofane's action against LICDG does not apply to its claim against Torres.  They are treated differently because one claim will have an immediate consequence on the estate in bankruptcy while the other will only have a consequence on the guarantor's assets.

Just as both claims are analyzed differently under the bankruptcy stay statute, they are also analyzed differently under the mandatory abstention statute. Torres cannot avoid the question of whether the claim against him is core ("arising under" or "in" Title 11) or non-core ("related to" a Title 11 action) by attempting to bootstrap it to the claim against LICDG.  The claim against Torres is non-core regardless of the quality of the claim against LICDG.

The contract liability action against Torres does not "depend on the bankruptcy laws for its existence."  Torres' liability to Cofane under the Guaranty Agreement is a matter of contracts law, not a matter of bankruptcy law.  To be sure, the Guaranty Agreement may provide that Torres' debt to Cofane, should he be found liable, is offset to the extent LICDG's estate pays Cofane (*see* Cofane Aff, Exh. B) and that amount will be decided as part of the bankruptcy proceeding, but that the damages awarded may be reduced based upon the outcome of LICDG's bankruptcy proceeding does not mean that the question of Torres' contractual liability to Cofane

is a core bankruptcy proceeding.  As provided by statute, "discharge of a debt of the debtor does not affect the liability of any other entity…for such debt." 11 U.S.C. §524(e).

Thus, the question regarding Torres is merely one of contract interpretation, which "could proceed in a court that lacks federal bankruptcy jurisdiction."  Indeed, contractual matters are routinely resolved in State Court.  In accordance, the Second Circuit has held, "It is clear that to the extent the claim is for pre-petition contract damages [as here], it is non-core." *Orion Pictures Corp. v. Showtime Networks,* 4 F.3d 1095, 1102 (2d Cir. 1993).  *See also Harlem Multifamily LLC,* 626 B.R. at 396 ("the Guaranty Claim is a noncore contractual claim and will be best determined by the New York Supreme Court").  It is clear that Cofane's claim against Torres is non-core, as it is only related to LICDG's bankruptcy proceeding and does not arise under or in the bankruptcy laws.  Thus, this element is satisfied.

Defendant Torres also argues resolution of the dispute between Cofane and Torres in this action will necessarily involve a determination of LICDG's liability to Cofane and will trigger LICDG's liability to Torres for indemnity, which could have an effect on the bankruptcy reorganization.  In arguing that this makes the claim against him core, he cites to an Eighth Circuit case not controlling on this Court. Def. Br., 7; *In re Dogpatch U.S.A. Inc.,* 810 F.2d 782, 785-86 (8th Cir. 1987).

First, while it is true LICDG's liability under the mortgage agreement will be an issue in the action against Torres, this does not make the action against Torres one that depends on bankruptcy laws for resolution, it merely makes it one that hinges on interpretation of two separate contracts, the mortgage agreement and the guaranty agreement.  Instead this argument supports the idea that it "relates to" LICDG's bankruptcy action but is not core to it.  For example, if the State Court were to examine the mortgage agreement and find LICDG defaulted

10

on it thus triggering Torres' liability as the guarantor, it would not then need to determine the amount of LICDG's estate's responsibility to Cofane, just that Torres is jointly and severally liable for the debt.

Second, if Torres brought an action against LICDG in the future for contribution for the debt owed to Cofane, that would be an action separate and distinct from this claim, which is solely about Torres' liability to Cofane.  Whether an entirely separate potential future action is core or not is not controlling on whether mandatory abstention is warranted on this claim.  In fact, contrary to Defendant's contention, in a similar case, the S.D.N.Y. Bankruptcy Court found that where there is merely a possibility of effects on the estate from the underlying action, that makes the underlying action a "related to" proceeding, not a core one, and recommended remand under mandatory abstention. *See N.Y. Commer. Bank v. Pullo,* No. 12-2052, 2013 Bankr. LEXIS 520, 2013 WL 494050, *10 (Bankr. S.D.N.Y. Feb. 7, 2013).  In other words, while Torres' possible subsequent action against LICDG may or may not be core, that does not affect whether Cofane's current action against Torres is core.

For these reasons, I recommend the Court find Cofane's claim against Torres is "related to" the LICDG Bankruptcy proceeding and does not arise in or under Title 11 and that, therefore, the third element of mandatory abstention is satisfied.

**b.      This Action Can Be Timely Adjudicated in State Court**

Defendant argues this case cannot be timely adjudicated in state court, citing the COVID-19 pandemic and the backlog it has allegedly caused. Def. Br., 8-9.  Plaintiff argues this case can be timely adjudicated in State Court.  In support of that, it points to the timeline of the case before the removal petition, in which a motion for summary judgment was fully briefed and briefing for a motion to sever subsequent to the bankruptcy was underway. Pl. Repl. Br., 5.

11

Based on the record, it seems the case was proceeding in a timely manner despite the stay issued by the Bankruptcy Court.

Four factors are evaluated when assessing this element of the mandatory abstention analysis: (1) the backlog of the State Court's calendar relative to the Federal Court's calendar; (2) the complexity of the issues presented and respective expertise of each forum; (3) the status of the Title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate. *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.,* 671 F.3d 261, 266 (2d Cir. 2012).

For the first factor, "the party challenging abstention must show, through actual evidence, that the backlog of cases is significantly different in the two relevant tribunals." *N.Y. Commer. Bank,* 2013 Bankr. LEXIS 520, *13. Defendant Torres attempts to do this by proffering a NY Times article which was published on December 2, 2020 entitled "9 Trials in 9 Months: Virus Wreaks Havoc on N.Y.C. Courts." *See* Def. Br., Exh. A. He argues this shows, "New York State courts are severely backlogged as a result of the Covid-19 pandemic and removal of the adversary proceeding…would result in extensive delay." Def. Br., 8.

The article cited however, is two years old, deals with criminal trials, not civil trials, and does not specifically name the Suffolk County Supreme Court as a court with such a backlog. Defendant does not present any specific evidence as to what the current backlog is for civil cases in the Suffolk County Supreme Court. Nor does he compare the backlog caused by the pandemic in State Court with the backlog caused by the pandemic in Federal Court. In fact no evidence is presented as to the backlog of cases, if any, in the Eastern District of New York. Thus, Defendant has failed to meet his burden to show through actual evidence a significant difference in backlog of cases between the State Court and Federal Court.

As to the second factor, Defendant argues there is nothing "particularly complex" about the legal issues or facts in this action, which may be true. Regardless, however, state courts have significant expertise in contracts actions, which are matters of state law. Thus, this factor favors adjudication in state court.

The third and fourth factors also favor abstention. Whether or not Torres is liable to Cofane as a guarantor on the contract will have no impact on the distribution of assets from LICDG's estate. That distribution may have an impact on the damages Torres must pay out, but it would not prolong the administration of LICDG's estate. Nor does the status of the LICDG bankruptcy proceeding (where Defendant claims LICDG is proceeding towards "a robust auction sale of the Property…currently reviewing the claims of creditors…and will decide which claims to object to"), appear to have any impact on Cofane's case against Torres. *Id.* Nothing about the state court's jurisdiction in this matter will arrest the progress of LICDG disposing of the property or objecting to claims; it will merely decide Torres' liability to Cofane.

Thus, all elements of mandatory abstention are met as to Cofane's claim against Torres. I recommend that, per the command of 28 U.S.C. §1334(c)(2), the district court abstain from Cofane's action against Torres, and remand the case back to State Court.

### III.   The Claim Against Torres Should Be Severed from the Claim Against LICDG

As discussed above, the claim against LICDG remains stayed, but the claim against Torres is not and should be allowed to proceed in State Court. Plaintiff makes no arguments in its brief as to why the stayed claim against LICDG should be remanded back to State Court, just why its claim against Torres should be. In situations like these, some courts have found it appropriate to sever the action to allow it to proceed against the non-bankrupt co-defendant. *See Hecht v. City of New York,* 217 F.R.D. 148, 150 (S.D.N.Y. 2003) (citing *Cashman v. Montefiore*

*Medical Ctr.,* 191 B.R. 558, 561 (S.D.N.Y. 1996) ("finding it appropriate to sever bankrupt co-defendant upon the lack of any clear showing of prejudice sufficient to justify a stay of the entire action")) (citing *E.I. du Pont de Nemours & Co. v. Fine Arts Reproduction Co.,* No. 93-cv-2462, 1995 U.S. Dist. LEXIS 7040, 1995 WL 312505, \*5 (S.D.N.Y. May 17, 1995) ("allowing severance because solvent co-defendant was not necessarily entitled to benefit from the automatic stay of litigation which protected the bankrupt defendant")).

I believe that is the appropriate course of action here. Without such action by the Court, Plaintiff cannot proceed against Torres in State Court, as it is lawfully allowed to do, without first showing remand is appropriate for its claim against LICDG, which may or may not be true. Proceeding in such a manner would effectively stay the entire action, contrary to statute which only stays the claim against LICDG.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. Pr. 21. "The decision whether to sever a party or a claim is within the broad discretion of the district court." *Cashman*, 191 B.R. at 560 (citing *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 370 (2d Cir. 1988)).

Courts in the Second Circuit consider the following factors in deciding whether severance is appropriate: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Morris v. Northrop Grumman Corp.*, 37 F. Supp 2d 556, 580 (E.D.N.Y. 1999). "Severance requires the presence of only one of these conditions." *Cestone v. General*

14

*Cigar Holdings, Inc.,* 00-CV-3688, 2002 U.S. Dist. LEXIS 4504, *6 (S.D.N.Y. Mar. 18, 2002) (citing *Ricciuti v. New York City Transit Auth.,* 796 F. Supp. 84, 86-87 (S.D.N.Y. 1992)).  The Southern District has noted, "Especially under…unique circumstances, this Court has broad discretion to sever…" and included under those unique circumstances "severing to avoid delay due to automatic bankruptcy stay." *Erausquin v. Notz, Stucki Mgmt. (Berm.)*, 806 F. Supp. 2d 712, 722 (S.D.N.Y. 2011) (citing *Cashman,* 191 B.R. at 563).

Here, these claims arose out of the same transaction or occurrence, which was the alleged default of LICDG.  And they do present some common questions or law or fact, such as whether LICDG indeed defaulted on its Mortgage Agreement.

However, the remaining factors favor severance.  Judicial economy is certainly facilitated by allowing the claim against Torres to proceed in State Court, rather than waiting for further briefing on whether the claim against LICDG must or should be remanded or waiting for the bankruptcy stay against LICDG to be lifted.  Though Defendant Torres claims, "Removal of the adversary proceeding to the State Court, in whole or in part, would result in extensive delay…" the more expeditious way of allowing the claim against Torres to proceed is by severing it and remanding it, rather than waiting on briefing on the remand of the LICDG claim which may not be appropriate in any event.  Severing the claims also avoids substantial prejudice to Plaintiff which is lawfully allowed to pursue its claim against Torres in State Court and need not show the Court that its claim against LICDG also meets the test for permissive or mandatory abstention to do so.  And I fail to see any additional prejudice to Torres in allowing his case to proceed independent of the LICDG claim, as is lawful, while the LICDG case is under a bankruptcy stay and cannot proceed regardless of its venue.  Moreover, there is additional documentary proof

15

required for the Torres claim.  That claim involves the Guaranty Agreement, which Cofane's claim against LICDG does not.

Therefore, I recommend that the Court, *sua sponte,* sever the claim against LICDG and the claim against Torres.

## CONCLUSION

For the foregoing reasons, I recommend this Court GRANT Plaintiff's motion under the doctrine of mandatory abstention, sever the claims against Torres and LICDG, and remand the claim against Torres to State Court.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report and

Recommendation to file written objections.  Failure to file timely objections shall constitute a

waiver of those objections both in the District Court and on later appeal to the United States

Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir.

2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*,

No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also*

*Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**


_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York


Dated: Central Islip, New York
       August 29, 2022